UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| K.C. COULTER, | |
| Petitioner, | 2:10-cv-00472-PMP-LRL |
| vs. | **ORDER** |
| ATTORNEY GENERAL OF STATE OF NEVADA, *et al.*, | |
| Respondents. | |

This action is a *pro se* petition for a writ of habeas corpus. Petitioner is a pretrial detainee incarcerated at the Clark County Detention Center. Petitioner has paid the filing fee for this action.

The petition, which was received by the Court on April 6, 2010, is comprised of 59 handwritten pages, along with 209 pages of attached exhibits. (Docket #1, #1-1, #1-2, #1-3, #1-4, #1-5, #1-6, #1-7). On April 16, 2010, this Court issued an order directing petitioner to file an amended petition on the Court's approved habeas corpus form. (Docket #2; Local Rules of Special Proceedings 3-1 ("a petition for a writ of *habeas corpus*, filed by a person who is not represented by an attorney, shall be on the form provided by this court.")). The Court ordered petitioner to file his amended petition within 30 days. (Docket #2).

On April 29, 2010, petitioner filed a "memorandum," in which he explains that he does not need to amend his petition. (Docket #3). On June 10, 2010, petitioner filed a motion for a copy of the petition. (Docket #4). By minute order filed July 19, 2010, this Court granted petitioner's motion for a copy of his petition. (Docket #5).

Despite this Court's April 16, 2010 order to file an amended petition, and this Court's July 19, 2010 order sending petitioner a copy of his petition so that he could refer to it in drafting an amended petition, to date, petitioner has not filed an amended petition. Petitioner was warned that failure to obey the Court's order to file an amended petition may result in dismissal of this action. (Docket #2, at p. 2). The Court has authority to dismiss this action on the basis of petitioner's failure to obey the order to file an amended petition.

In addition, the petition must be dismissed as premature and unexhausted. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

In the instant case, petitioner is a pretrial detainee and his criminal proceedings are still pending. The federal habeas petition is premature and the claims therein remain unexhausted. The federal petition will be dismissed without prejudice.

In addition, petitioner complains about judicial officers and proceedings in his criminal prosecution. Petitioner seeks an order from this court requiring the state courts to take some form of action. Federal courts have no jurisdiction to direct a state court's proceedings. *Carriger v. Stewart,* 95 F.3d 755, 762 (9th Cir. 1996) (*overruled on other grounds*, 132 F.3d 463 (9th Cir.1997); *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) (per curiam) (collecting cases), *cert. denied*, 493 U.S. 1012 (1989)). The petition, which is unexhausted and requests relief this Court lacks jurisdiction to give, will be dismissed.

Finally, on October 25, 2010, the Court received a letter from Waverlyn White, who identifies herself as petitioner's mother. (Docket #6). The letter is addressed to Captain Donahue at the Clark County Detention Center. (*Id.*, at p. 1). In the letter, Ms. White states that she believes her son's constitutional rights have been violated, and that petitioner is being "roughed up and beaten." (*Id.*). Attached to the letter from Ms. White is a document, apparently written by petitioner, entitled "Urgent/Emergency Notice to the Court." (Docket #6, at p. 2). In this document, petitioner states that he tried to give an unnamed correctional officer legal mail in another lawsuit filed in this Court. Petitioner alleges that several correctional officers "roughed" him up or "beat" him up in retaliation for him trying to send out legal mail. (Docket #6, at p. 2). To the extent that petitioner seeks relief for the alleged actions of the correctional officers, he may file a civil rights action pursuant to 42 U.S.C. § 1983. A civil rights action, rather than the instant habeas action, is the appropriate way to challenge unfavorable prison conditions. The Court will direct the Clerk to send petitioner the appropriate form and instructions for filing a civil rights action. Petitioner is advised that, if he chooses to file a civil rights complaint, he may not file it in the instant action, but must initiate a new action.

1 **IT IS THEREFORE ORDERED** that the instant action is **DISMISSED** due to petitioner's failure to obey this Court's order to file an amended petition AND on the ground that the petition fails to state a cognizable claim for habeas corpus relief.

**IT IS FURTHER ORDERED** that the Clerk **SHALL SEND** petitioner the approved form for filing a civil rights complaint under 42 U.S.C. § 1983, as well as instructions.

**IT IS FURTHER ORDERED** that if petitioner chooses to file a civil rights complaint, he may not file it in the instant action, but must initiate a new action. No further pleadings shall be filed in this closed action.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

DATED: November 15, 2010.

PHILIP M. PRO
United States District Judge